UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 9, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record & Eric Lackland

Re: *Eric Lackland v. Advoserv of New Jersey, et al.*
<u>Civil Action No. 17-1190 (MAS) (LHG)</u>

Dear Mr. Lackland and Counsel:

    This matter comes before the Court on two motions. The first motion is Defendants Advoserv of New Jersey, Clarence Freeman, Dana Wales, Darren Blough, and Peter Penas's (collectively, "Defendants") Motion to Dismiss, or, in the Alternative, for a More Definite Statement. (ECF No. 2.) Pro se Plaintiff Eric C. Lackland ("Plaintiff") filed opposition (ECF No. 8), and Defendants replied (ECF No. 7). The second motion is Plaintiff's Motion to Remand. (ECF No. 12.) Defendants filed opposition. (ECF No. 14.) The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion to Remand is DENIED.

    As it relates to the threshold issue of jurisdiction, the Court first considers Plaintiff's Motion to Remand. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal under section 1446(a)." Here, Plaintiff's Motion to Remand is based on Plaintiff's general concerns that he may be unable to "have his day in court" if the matter remains in federal court. (*See* Pl.'s Remand Moving Br. 1-3, ECF No. 12-1.) Plaintiff's Motion to Remand, therefore, is not based on subject-matter jurisdiction. The Notice of Removal was filed on February 21, 2017, and Plaintiff filed his Motion to Remand on May 3, 2017, well past the thirty day period to file a timely Motion to Remand. Pursuant to 28 U.S.C. § 1447(c), the Court, therefore, denies Plaintiff's Motion to Remand.

    Next, the Court considers Defendants' Motion to Dismiss. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir.

2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

Here, Plaintiff brings his claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, *et seq.* (Compl. 3, 6, ECF No. 1-3.)[1] Plaintiff alleges that he suffered from congestive heart failure and that he was "singled out for being ill." (*Id.* at 5-6.) Plaintiff also alleges that he reported to the State inappropriate conduct by Clarence Freeman—who, based on the Complaint, appears to be some sort of supervisor to Plaintiff—and that Plaintiff was, therefore, suspended several times.[2] (*Id.*) Plaintiff alleges that he was subject to a hostile work environment when he reported to his supervisor that there existed a possible violation of law and company policy. (*Id.* at 6.) Plaintiff further alleges that Clarence Freeman and Dana Wales created a false report and fired Plaintiff. (*Id.*) In addition to being fired, Plaintiff alleges that he was the victim of constructive termination and was denied unemployment. (*Id.*)

To survive a motion to dismiss, a plaintiff alleging employment discrimination under the ADA must plead the following three elements: "(1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Alston v. Park Pleasant, Inc.*, No. 16-1464, 2017 WL 627381, at *2 (3d Cir. Feb. 15, 2017) (quoting *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

Here, Defendants first argue that Plaintiff fails to plead that he is disabled within the meaning of the ADA. (Defs.' Mot. to Dismiss Moving Br. 6-7, ECF No. 3.)[3] The Court disagrees. In the final page of the Complaint, Plaintiff states that he had suffered from congestive heart failure. (Compl. 4.) Courts have consistently found cardiac conditions, such as congestive heart failure, to constitute a disability within the meaning of the ADA. *See, e.g., Davidson v. City of N.Y.*, No. 10-4938, 2011 WL 2419887, at *2 (S.D.N.Y. June 7, 2011) (finding adequate the plaintiff's allegation that she suffered a heart condition that restricted her ability to breathe); *Motsay v. Pa. Am. Water Co.*, No. 06-1387, 2008 WL 376298, at *2 (M.D. Pa. Feb. 11, 2008) (finding that a plaintiff with congestive heart failure, along with other cardiac conditions, was disabled within the meaning of the ADA). Applying the liberal pleading standard afforded to pro se plaintiffs, the Court finds that Plaintiff has adequately pled the first element of an ADA claim.

---

[1] The Court cites to the page numbers assigned by the electronic filing system as indicated in the header.

[2] The Court notes that the Complaint is generally unintelligible and wholly lacking in detail as to the identity of the named individuals and the events that gave rise to the action. Accordingly, the Court sets forth what it was able to discern from the Complaint.

[3] The Court cites to the page numbers assigned by the electronic filing system as indicated in the header.

Despite the liberal pleading standard applicable here, the Court finds that Plaintiff did not adequately plead the second element. Plaintiff has failed to plead his ability to perform the essential functions of the job, with or without reasonable accommodations by the employer. Plaintiff makes no mention of his ability to perform the essential functions and does not reference any requests for accommodations. Accordingly, the Court grants Defendants' Motion to Dismiss without prejudice, but provides Plaintiff an opportunity to amend his Complaint. If Plaintiff chooses to amend his pleading, Plaintiff must provide additional factual allegations detailing how Plaintiff was constructively terminated in addition to being fired.

With respect to Plaintiff's CEPA claim under New Jersey state law, the Court declines to exercise supplemental jurisdiction. As the Court has granted Defendants' Motion to Dismiss with regard to Plaintiff's only federal claim under the ADA, the Court dismisses Plaintiff's remaining pendent state claim under the CEPA. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). As stated above, Plaintiff may amend his pleading by the deadline set forth in the accompanying order. If Plaintiff chooses not to file an amended complaint by the deadline, Plaintiff's federal claim will be dismissed with prejudice and the Court will remand Plaintiff's remaining CEPA claim to state court.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendants' Motion to Dismiss.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE